Christian, J.,
delivered the opinion of the court.
This case is for the second time before this court, and is reported under the name of Puryear & als. v. Cabell & als., 24 Gratt. 260.
In the record now before us, a single question is presented for our consideration. After the case was sent back to the circuit court, that court proceeded to convert the estate into money, and by its decree rendered on the 30th April 1875, directed a distribution thereof among the legatees. The only error now complained of is that in directing the several legatees to be charged with advancements made by the testator in his lifetime, and by his widow in her life-time, no interest is charged on the amount of said advancements.
The appellants insist that the death of the widow was the period fixed by the testator for the division, that that was the date at which all these advancements were to be brought into hotch-pot and accounted for, and that if this division was postponed for any cause, equality could only be attained by charging each legatee with interest from the period fixed by the will for division, to wit: the date of the death of the widow of the testator.
The circuit court refused to allow interest upon any of the advancements made to the legatees either by the testator or by the widow, without respect to the excess in deficiency of the advancements made to the different legatees. The appeal was allowed to bring up for review here this single question.
In the consideration of this question we are first met by the objection of the appellees, that it is already res adjudícala.
*905 It is insisted that the same question was definitely settled by the opinion of this court in Puryear v. Cabell, supra. To sustain this contention, an extract from the opinion of Judge Staples, concurred in by the other .judges, is relied on by the appellees’ counsel, and which is as follows: “In regard to the charge of interest upon advancements, no exception was taken in the court below to the report of the commissioner for the failure to allow’ it; and it may he a question how far it is competent to urge the objection in this court. However this may be, the general rule is that the legatee or distributee is to be charged with the value of the advancement without interest. There is nothing in the will of Mr. Wilson or the circumstances of this •case which requires the application of a different -rule.” 24 Gratt. 266-7.
This is the only declaration or allusion made in the opinion to the subject of interest. In the decree of this •court nothing is declared on the subject.
But a reference to the record in the case of Puryear and Cabell (24 Gratt.) will make it perfectly apparent that neither Judge Staples’ opinion nor the decree of the court in that case had the remotest reference to the question raised upon the record now before us. In that case the proposition of the counsel of the Cabells (the question not being raised by any exception to the commissioner’s report) was that, on advancements made by the testator in his life-time interest should be •charged from his death, and on advancements made by his widow (the life-tenant) interest should be charged from the time they were respectively received by the legatees. It was in reference to this proposition that Judge ■Staples expressed the opinion (undoubtedly correct) ■that “the general rule is that the legatee or distributee *906 is to be charged with the value of the advancementr without interest.”
The question now before us is a very different one. jn former case, the question was, if made at all by the pleadings, whether interest should be charged from, the death of the testator on advancements made by him, and from the date of their receipt on advancements made by the widow. In the case before us the question is, if the death of the widow is the date of' distribution, must not interest be charged from that date to the day of actual distribution among the legatees. This is wholly a different question, and it is one which not only did not arise but could not have arisen in the former case. At that time the fund for distribution was not in the hands of the court. That fund was made up, of sales of real estate which had not been collected, if indeed it had been sold, and of rents and profits of the same for a very brief period. The death of Mrs. Wilson, the time fixed by the will for the distribution, and accounting for the respective advancements, had occurred only a few months before-the filing of the bill in the former ease; and therefore the question of charging interest as now raised could not and did not arise in that case.
The court is therefore of opinion that the question-raised in this appeal is not res adjudicata, not having-been before raised or passed upon in this case.
The court is further of opinion, that the decree of the circuit court is erroneous, so far as it fails to charge interest on any part of the advancements made to the legatees respectively, without respect to the excess or deficiency in such advancements, on the date when equal distribution was to be made.
The will of the testator, Nathaniel Wilson, contains, the following clause:
*907 5th. “At the death of my said wife, Sarah, the whole of my estate, both real and personal, to be equally divided between my following named children, to wit:” (naming them) “to them and their heirs forever; such of them as have already received or who may hereafter receive a part of my estate to account for it upon a division.” In a former clause of his will the testator had given to his wife for life, subject to certain bequests, all his real and personal estate, to be held, controlled and managed by her, at her entire discretion; and he authorized her, as her children became of age or married, to give them or either of them such part of her estate as she might think she could spare: she being the sole judge of it in every respect.
Advancements had been made by Mrs. Wilson in her life-time of large amounts to all of the children, except to 'Mrs. Cabell. Mrs. Puryear had received her full share of the estate; and the other children had received—some over $12,000, others over $18,000, while Mrs. Cabell had received only $3,458. blow the testamentary scheme of Mr. Wilson was, that his whole estate should be equally distributed among the legatees at the death of Mrs. Wilson. That was the time fixed as the period of distribution, and at that time they were to account for the advancements which had been made prior to the death of Mrs. Wilson to each of the legatees respectively. If on that day the distribution could have been made, the mode of distribution would have been that adopted by the circuit court—that is, making each party equal by reducing the excess and making up the deficiency between the legatees without interest. But the distribution was not made until more than six years after Mrs. Wilson’s death, and for that period six or seven of the legatees held in their hands large amounts in excess of what *908 they were entitled to upon an equal distribution. This plainly was not their property, but belonged to the and having enjoyed the use of it they ought .to |-,e charged with interest. The principle upon which the general rule stated by Judge Staples in Puryear v. Cabells (supra) rests is this, that the party advanced is not to be charged with interest, because the advancement in his hands is no part of the estate; it belongs to him, and he cannot be charged interest on his own, unless there be something in the will subjecting it to such a charge.
In the case before us, the excess held by the several legatees over and above the amount they were entitled to on the date fixed by the testator as the period of distribution was the property of the estate, in which all the distributees were equally interested, and upon this excess in their hands they must be charged with interest from the 5th J'ebruary 1868, the date of Mrs. Wilson’s death, to the 15th October 1874, the date on which the fund was in a condition to be distributed, as shown by the alternate statement made by the commissioner.
The court is therefore of opinion that the said decree •of the said circuit court be reversed with costs, and the cause remanded to said circuit court for further proceedings to be had therein in accordance with the principles herein announced.
The decree was as follows:
The court is of opinion, for reasons stated in writing •and filed with the record, that the said decree of the ■said circuit court is erroneous, so far as it omits to •charge with interest those legatees whose advancements, made prior to the death of Mrs. Wilson, were in *909 excess of the amounts they were respectively entitled to upon an equal distribution of the whole estate of the testator, if it could have been made on that day; this court being of opinion that the period of distribution fixed by the testator was the date of the death of Mrs. Wilson; and that all the legatees who on that day held an excess of the amounts advanced to them over what was an equal share of the advancements made prior to the death of Mrs. Wilson, should be charged with interest on such excess from the period of Mrs. Wilson’s death, to wit: the 5th of February 1868, to the 15th October 1874, the period when the fund arising from the sale of the real estate may be considered as in the hands of the court for distribution, and that interest be allowed on the deficiency of advancements to Mrs. Cabell, according to the principles-of the alternate statement made by commissioner.
It is therefore decreed and ordered that for this error the said decree of said circuit court be reversed and annulled, but be affirmed in all other respects, and' that the appellants recover against the appellees their costs expended in the prosecution of their appeals here. And the cause is remanded to said circuit court, to be further proceeded in in accordance with the principles, herein declared.
Decree reversed.